IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MARINO**,

    Plaintiff,

vs.                                                                                                                            **CIV 06-506 JH/RHS**

**UNITED STATES DEPARTMENT OF THE INTERIOR,**
**GAIL NORTON, SECRETARY, BUREAU OF INDIAN AFFAIRS,**
**EDWARD PARISIAN, DEPUTY DIRECTOR OF SCHOOL OPERATIONS,**
**in his official and individual capacity,**
**BEATRICE WOODWARD, AGENCY SUPERINTENDENT FOR EDUCATION,**
**in her official and individual capacity,**
**TORREON DAY SCHOOL, KENNETH TOLEDO PRINCIPAL,**
**in his official and individual capacity,**
**ANTHONY DELGARITO, EDUCATION DEPARTMENT HEAD AND**
**ACADEMIC SUPERVISOR, in his official and individual capacity,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Counts III, IV, V and VI (in part) of Plaintiff William Marino's Complaint for failure to state a claim under FED.R.CIV.P. 12(b)(6). *See* Doc. 19, filed October 24, 2007. The Defendants contend that the Plaintiff's claims set forth in these counts are precluded by the exclusive remedies provided in 42 U.S.C. § 2000e-16 ("Title VII") and the Civil Service Reform Act of 1978, Pub. L. 98-454 ("CSRA").

A motion to dismiss should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007).

The Defendants contend, and Marino does not deny, that all of Marino's claims relate either to his former employment as a teacher and coach at Torreon Day School, which is run by the Bureau of Indians Affairs ("BIA"), or to his applications for employment at other BIA schools. *See* Compl. (Doc. 1) at 2-10. Marino has named the BIA and the Secretary of the Interior, as well as the individuals who supervised him, as Defendants. *See id.* at 1-2.

## THE COMPLAINT

Count I asserts claims for age discrimination under Title VII; Count II asserts claims for race discrimination and reprisal under Title VII; Count III alleges a state-law claim for breach of Marino's employment contract; Count IV alleges a state-law claim for breach of the implied covenant of good faith and fair dealing; Count V alleges violation of Marino's First Amendment right to free speech; and Count VI alleges a state-law claim for wrongful discharge based in part on violations of Marino's employment contract and due-process rights and in part on unlawful discrimination. *See id.* at 2, 10-15. Marino seeks money damages on all Counts. *See id.* at 16.

Defendants do not dispute that Marino may bring his claims for discrimination and retaliation in Counts I, II and VI (to the extent the wrongful discharge claim is based on unlawful discrimination) under Title VII, but they assert that the remainder of Counts III-VI are barred by the exclusive remedies provided in Title VII and the CSRA. The Court agrees.

## ANALYSIS

### I. Count V and part of Count VI are precluded by Title VII.

Marino has alleged claims under Title VII for discrimination in Counts I and II, for which individual officers cannot be held personally liable. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII"). And sovereign immunity precludes suing federal agencies and federal officials acting in their

official capacities for monetary damages for alleged constitutional violations absent a specific statutory waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478, 480-83 (1994). Therefore, to the extent Counts V and VI allege constitutional violations based on the same conduct as alleged in Counts I and II, the Court construes them as *Bivens* claims against Marino's supervisors individually. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (holding that an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent); *Davis v. Passman*, 442 U.S. 228, 248-249 (1979) (implying a *Bivens* action under the equal protection component of the Due Process Clause in the context of alleged gender discrimination in employment). Accordingly, the Court also does not construe Counts V and VI as being brought against any Defendant other than the individual supervisors. *See F.D.I.C. v. Meyer*, 510 U.S. at 484-86 (holding that *Bivens* actions are not available against federal agencies); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("Because a *Bivens* claim may not be brought directly against the United States as such, an 'official capacity *Bivens* suit' would be an oxymoron.").

   As the Defendants point out, the Supreme Court of the United States has held that "a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII," including constitutional causes of action brought "under the First or Fifth Amendments for discrimination in federal employment." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 828-29 (1976), and *Bush v. Lucas*, 462 U.S. 367, 368 (1983)). In part, that is true because CSRA is a system of "comprehensive procedural and substantive provisions giving [federal employees] meaningful remedies against the United States." *Bush*, 462 U.S. at 368. Thus, the remedies CSRA provides for other unlawful employment practices are intended to preclude *Bivens* remedies in the federal-employment context. *See id.* at 388-90

(affirming the holding that a federal employee may not recover damages from a supervisor who has improperly disciplined him for exercising his First Amendment rights by way of a *Bivens* claim against the supervisor, even if CSRA remedies do not provide complete relief); *Petrini v. Howard*, 918 F.2d 1482, 1483-84 (10th Cir. 1990) (applying *Bush* to preclude First-Amendment *Bivens* claims by BIA school employees).

While the full protections of the CSRA do not apply to BIA school employees under 25 U.S.C. § 2012(a) (providing that the sections of CSRA in chapter 5 of the United States Code "relating to classification, pay and leave [] and the sections of [CSRA] relating to the appointment, promotion, hours of work, and removal of civil service employees, shall not apply to [BIA] educators or to education positions")[1], BIA educators do not appear to be precluded from contacting

---

[1] It is unclear whether the provision in § 2012(a) relating to "removal" of BIA educators is still effective because Congress has amended the sections providing for appeals from removals in CSRA to apply to additional non-preference excepted-service federal employees. *See* 5 U.S.C. 7511(a) (adding to the definition of a federal "employee" entitled to appeal from his removal from federal employment an "individual in the excepted service (other than preference eligible) who has completed 1 year of current continuous service in the same or similar positions in an Executive Agency . . . ."); Civil Service Due Process Amendments of 1990, P.L. 101-376, 104 Stat. 461 (1990); *see* H.R.Rep. No. 328, 101st Cong., 2d Sess. 3 (1990), reprinted in 1990 U.S.C.C.A.N. 695, 697 (the bill applies to, among others, "teachers ... employed by the ... Bureau of Indian Affairs"). "The legislative history of the amendment explains that Congress intended that the amendment extend certain procedural rights to such teachers. H.R.Rep. No. 328, at 3-4, 1990 U.S.C.C.A.N. at 697-98." *Schafer v. Dep't of Interior*, 88 F.3d 981, 986 n.3 (Fed. Cir. 1996) (holding that it had no jurisdiction over BIA educator's appeal from an arbitration award affirming the non-renewal of his teaching contract because the non-renewal of a teaching contract was not a "removal" from agency employment under 5 U.S.C. § 7512). But the Court further notes that 25 C.F.R. § 38.9(a) (1998), which sets forth detailed due-process procedures for BIA educators who have been discharged "for cause" provides that BIA "[e]ducators covered under the provision of this section are excluded from coverage under 5 U.S.C. [§§ ] 7511 and 4303." And 25 C.F.R. § 38.10(f) provides for publication in section 62 of the Bureau of Indian Affairs Manual of procedures "for the rapid and equitable resolution of grievances. In locations and for positions covered by an exclusive bargaining agreement, the negotiated grievance procedure is the exclusive avenue of redress for all matters within the scope of the negotiated grievance." The Court need not reach this issue, however, because its resolution is not essential to the question before the Court.

the Office of Special Counsel if they believe that they have been subjected to unlawful personnel practices by supervisors, including retaliation. *See* 5 U.S.C. § 1214(a)(1)(A) ("The Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate the allegation . . . "); *Petrini*, 918 F.2d at 1484 (stating that a "BIA educator [] could have availed herself of the procedures and remedies of the CSRA by petitioning the Office of the Special Counsel and alleging a prohibited employment practice . . . Furthermore, the alleged conduct underlying plaintiff's *Bivens* claim, retaliation for the exercise of first amendment rights, is plainly cognizable as a prohibited employment practice [under CSRA]."). CSRA precludes *Bivens* claims against supervisors individually based on alleged constitutional violations. *See Brothers v. Custis*, 886 F.2d 1282, 1284-85 (10th Cir. 1989) (holding that no *Bivens* damages remedy was available where federal employee had the right to petition the Office of Special Counsel); *Smith v. Lujan*, 780 F. Supp. 1275, 1279-80 (D. Ariz. 1991) (holding, in case in which former BIA school employee raised Title VII claims as well as claims for breach of contract, constitutional violations and wrongful discharge based on the nonrenewal of her school contract that the claims were all "predicated upon the underlying complaint of discrimination," and were, therefore, barred by Title VII). Thus, Marino's First Amendment claim in Count V and any Fifth Amendment due-process claim in Count VI, whether based on discrimination or other unlawful employment practices, must be dismissed.

**II. Marino's state-law breach-of-contract and tort claims related to his federal employment are preempted by remedies provided in the applicable federal statutes**.

While not discussing the statutory provisions limiting the application of CSRA to BIA educators, the Tenth Circuit has held that CSRA remedies also preclude other judicial remedies for

employment-related claims under state law, including claims that a BIA supervisor "gave [] unfavorable employment evaluations, and interfered with [a] prospective employment relationship with the BIA." *Petrini*, 918 F.2d at 1485 (stating, "[i]t is beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions. Thus, adjudication of state law claims within the scope of the CSRA would create an obstacle to the attainment of Congress's goal of unifying challenges to federal personnel decisions in a single administrative forum.") (internal quotation marks omitted). Even if all of the remedial and procedural sections of CSRA do not apply to BIA educators, because Congress has created an additional comprehensive set of procedures and remedies for BIA educators in the Indian Education Act, *see* 25 U.S.C. § 2012, and has directed the BIA to provide for procedures for grievances, the Court concludes that these remedies are exclusive of any other equitable, tort, or state-law remedies for personnel actions that are covered by their scope. *See Petrini*, 918 F.2d at 1485; *Volk v. Hobson*, 866 F.2d 1398, 1400-03 (Fed. Cir. 1989) (holding that amendments to the Indian Education Act did not afford BIA educator a private right of action for back pay based on an employment contract and that she also could not maintain *Bivens*-type action against BIA officials in their individual capacities for allegedly violating her due process rights because the statutory scheme governing BIA educators and the CSRA provisions allowing for request for investigation through Office of Special Counsel established the BIA educator's rights and remedies); *Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994) (holding that CSRA preempted other federal and state-law claims including wrongful termination and breach of the covenant of good faith and fair dealing).

    The cases Marino cites in support of his claim that Title VII is not his exclusive remedy are distinguishable because they all involve private, as opposed to federal, employment.

        **IT IS ORDERED** that Counts III, IV, V, and those parts of Count VI that allege wrongful

discharge on any basis other than discrimination, are dismissed.

_____
UNITED STATES DISTRICT JUDGE