## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MARINO**,

     Plaintiff,

vs.                                                                      **CIV 06-506 JH/RHS**

**UNITED STATES DEPARTMENT OF THE INTERIOR,**
**GAIL NORTON, SECRETARY, BUREAU OF INDIAN AFFAIRS,**
**EDWARD PARISIAN, DEPUTY DIRECTOR OF SCHOOL OPERATIONS,**
**in his official and individual capacity,**
**BEATRICE WOODWARD, AGENCY SUPERINTENDENT FOR EDUCATION,**
**in her official and individual capacity,**
**TORREON DAY SCHOOL, KENNETH TOLEDO PRINCIPAL,**
**in his official and individual capacity,**
**ANTHONY DELGARITO, EDUCATION DEPARTMENT HEAD AND**
**ACADEMIC SUPERVISOR, in his official and individual capacity,**

     Defendants.

### ORDER

     **THIS MATTER** comes before the Court on Plaintiff William Marino's "Motion to Restore Prior Action," filed February 6, 2009 (Doc. 89), which the Court construes as a motion to set aside the judgment under FED. R. CIV. P. 60(b).  The Court will deny the motion.

     After extended negotiations in August and September 2008, the parties executed a settlement agreement on September 8, 2008, in which Marino agreed to settle "each and every claim of any kind . . . arising directly or indirectly from the acts or omissions" of the named Defendants that gave rise to Marino's Complaint brought under Title VII and the ADEA for discrimination.  Doc. 90, Ex. A at 1-5.  The agreement stated that Marino had twenty-one days to consider the agreement before signing it; that he was encouraged to seek legal counsel before signing it; and that he would have seven days after signing it to revoke it.  *See id.* at 3.  Williams later expressed dissatisfaction with the executed agreement, contending that he had agreed to settle only certain claims against the

Defendants.  *See* Doc. 81.  On September 30, 2008, Marino prepared a letter to the Magistrate Judge

who was presiding over the settlement conference, stating that he felt the agreed-upon amount was

"for less than the obvious damages and potential compensation," but that he did not "possess the

resources to carry on further."  *See* Doc. 90, Ex. D. He stated that he felt there had "been a lack of

good faith effort on the part of the Interior Department," and that he wanted to "reserve the right to

pursue claims against the defendants and/or officials not stipulated or bound by the settlement

agreement."  *Id.*  Subsequently, however, Marino decided to follow through with the executed

settlement agreement and the Defendants sent the payment of the agreed-upon settlement amount

to him.  *See* Doc. 90, Ex. E. The parties executed and filed a Stipulation of Dismissal with prejudice

into the record on October 10, 2008 under FED. R. CIV. P.  41(a)(1)(ii).  *See* Doc. 83.

Over three months later, Marino filed a "Request for Second Settlement Conference," Doc.

84, which the Court denied because it "no longer ha[d] jurisdiction and there is no pending action

before the Court which could be considered in the context of a settlement conference."  Doc.  87 at

1.  Marino then filed his motion to "restore" his Complaint.

> A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot
> be conditioned by the court, and does not call for the exercise of any discretion on the
> part of the court.  Once the stipulation is filed, the action on the merits is at an end.
> . . . "[A]n unconditional dismissal terminates federal jurisdiction except for the
> limited purpose of reopening and setting aside the judgment of dismissal within the
> scope allowed by Fed. Civ. P. 60(b).

*Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (internal quotation marks, footnotes, citations,

and bracket omitted).  Thus, although Marino may challenge his voluntary stipulation of dismissal,

his motion must present facts demonstrating one of the following six grounds to set aside the

judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence could not have been

2

discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  *Cf. Schmier v. McDonald's LLC*, ___ F.3d ___, ___, 2009 WL 1833977 at *2 (10th Cir. 2009) (holding that "a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)") (internal quotation marks omitted).  "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotation marks omitted).  In *Ackermann v. United States*, 340 U.S. 193 (1950), for example, the Supreme Court stressed that Rule 60(b)(6) should not be used to relieve a party of the consequences of voluntary litigation choices or improvident strategic decisions.  "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.* at 198.

In the first section of his motion, entitled "neglect," Marino complains about the conduct of the settlement negotiators and of what he perceived as lack of good-faith participation by the Defendants and their representatives.  *See* Doc. 89 at 1.  He states that he was not told who was involved in the decision-making process, and thus never had an opportunity to discuss settlement with a "non-biased representative." *Id.* at 2.  As the Defendants correctly point out, however, Marino had no right to have neutral and unbiased opponents in the settlement negotiations because negotiation, as part of litigation, is also part of our adversarial system in which opponents are allowed to obtain the most fair result through advocacy on both sides of the issues.  *See Rivera-Platte v. First Colony Life Ins. Co.*, 143 N.M. 158, 178-79, 173 P.3d 765, 784-85 (N.M. App. 2007) (affirming trial-court's approval of settlement agreement in part because, during an arms-length and "contentious"

3

negotiation process, counsel provided "able and adversarial efforts to achieve the best deal possible for their respective clients"). If Marino had not wanted to negotiate with the Defendants or representatives who appeared at the settlement conference, he could have refused to participate and gone to trial.

Similarly, in the next section entitled "newly discovered evidence," Marino complains that Grace Pedro, an employee for the Defendants – who he states was supposed to be a witness for both him and for the Defendants – unfairly participated in the settlement conference as a representative for the Defendants, which was a conflict of interest in his opinion, and that Pedro "slighted" him at the settlement conference and conspired with Defendant Toledo and another individual to keep the settlement figure as low as possible. *See* Doc. 89 at 2-3. He contends that it also was a conflict of interest to have Toledo involved in the settlement negotiations. *See id.* But, as demonstrated in his motion and in his September 30, 2008 letter, this is not "newly discovered evidence." Marino was aware of what he considered to be the Defendants' lack of good faith in negotiations and of Pedro's alleged "slighting" of him before he executed the settlement agreement, and he knew then that Pedro was both named as a witness and involved in negotiations. Further, he should have reasonably assumed that any Defendant, including Toledo, had the right to have input into the negotiations. These facts do not provide a basis for setting aside the judgment.

In his third section, entitled "fraud and corruption," Marino complains about documents submitted as exhibits for the trial and about the Defendants' legal stance and issues regarding the merits of his Complaint. *See id.* at 4-5. Similarly, in section four, entitled "misconduct," Marino complains about events occurring during litigation and before settlement and his disagreement with their testimony. *See id.* at 5-6. The nature of a negotiation, however, is that, notwithstanding the fact that the parties continue to dispute who is right and who is wrong, they nevertheless compromise to

reach a settlement that is satisfactory to both parties *without* agreeing about the merits. Marino could

have taken the issues to trial to allow a jury to decide them, but he chose to compromise. He cannot

now rehash the merits because they are no longer germane. *See Marc Dev., Inc. v. F.D.I.C.*, 12 F.3d

948, 949 (10th Cir. 1993) (vacating prior opinions because the "case is mooted by the settlement");

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974) ("It is well settled that in the

judicial consideration of proposed settlements, the trial judge does not try out or attempt to decide

the merits of the controversy"), *overruling on other grounds recognized by U.S. Football League v.

Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989).

    Finally, Marino asserts that the Defendants breached the settlement agreement by failing to

"clarify, via an official document, that the Plaintiff would be free to apply to BIE schools without

interference." *Id.* at 6. As the Defendants point out, however, there is no clause in the settlement

agreement providing for such a document[1]. Marino agreed to the settlement offer and voluntarily

dismissed the action with prejudice. Marino made a voluntary litigation choice, and may not be

relieved of his decision at this stage. *See Ackermann*, 340 U.S. at 197-98; *Zhu v. Countrywide Realty

Co.*, No. 02-c087, 66 Fed. Appx. 840, 843, 2003 WL 21399026, **2 (10th Cir. June 18, 2003) ("One

purpose of a settlement is certainty in the outcome of the case. We cannot hold that the settlement

was unconscionable on the ground that [the plaintiff] later decided she was entitled to more money.").

---

    [1] Paragraph 2(b) of the Settlement Agreement states:

If the Human Relations Office at the Bureau of Indian Education is contacted by a
potential employer with respect to Plaintiff William Marino, its staff will only
relate the dates of Plaintiff's employment, grade and salary information and place
of employment. The Human Resources Office will make no other comments,
either positive or negative, to prospective employers.

Doc. 90, Ex. A.

Marino has not shown entitlement to relief under any provision of Rule 60(b).

**IT IS ORDERED** that Marino's "Motion to Restore Prior Action" (Doc. 89) is DENIED.


**UNITED STATES DISTRICT JUDGE**